United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOLINA, | No. C-14-04201-DMR |
| Plaintiff(s), | **ORDER GRANTING MOTION TO DISMISS [DOCKET NO. 18]** |
| v. | |
| J.C. PENNEY COMPANY, INC., | |
| Defendant(s). | |

Before the court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant J.C. Penney Company Inc. ("JCP"). [Docket No. 18.] The court finds that the motion is appropriate for resolution without oral argument pursuant to Civil L.R. 7-1(b). For the reasons stated below, the motion is **granted**.

## I. BACKGROUND

**A. Factual Allegations**[1]

Plaintiff Marina Molina is a 75 year-old woman married to Plaintiff Rodrigo Lujano. First Am. Compl. [Docket No. 15] at ¶¶ 1, 4-6. Both Plaintiffs reside in San Mateo County, California. *Id.*

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

On March 2, 2014, Plaintiffs were shopping in a J.C. Penney store in San Bruno, California, operated by JCP. Molina was walking with a cane. She tripped and fell on a pile of merchandise on the floor. Plaintiffs allege "based on belief and information that the merchandise had been laying on the floor for several hours." Plaintiffs also allege "based on belief and information that several JCP employees saw the merchandise on the floor but failed to pick up the merchandise." FAC at ¶¶ 11-13. Lujano was present at the time Molina fell inside the store in San Bruno. Lujano witnessed Molina trip and fall, and saw her "face of pain and agony" and heard her "cry out in pain" as a result of her fall. FAC at ¶ 14.

Plaintiffs allege that, as a result of the fall and consequential injury, Molina (1) fractured her left shoulder, requiring surgery, extended medical treatment, and months of physical therapy; (2) suffered decreased vision in her right eye; (3) continues to suffer excruciating pain and has been largely immobile for over six months;[2] (4) has been unable to care for herself, her husband, or her grandchildren, as she has been accustomed to do on a regular basis, and instead her adult daughters have been forced to work fewer hours to care for her; and (5) has been unable to walk up the stairs in her house to her bedroom, such that she has been unable to sleep with Lujano in their bed and has been forced to sleep on her living room couch. FAC at ¶¶ 15-20.

**B. Causes of Action**

Plaintiffs bring four state law common law causes of action against JCP and unnamed Doe Defendants 1-25: (1) negligence; (2) gross negligence; (3) negligent infliction of emotional distress; and (4) loss of consortium. Plaintiffs' prayer for relief demands, inter alia, punitive damages and attorneys' fees. FAC at 9, ¶¶ 21-52.

In their negligence cause of action, Plaintiffs allege that "[t]he merchandise on the floor constituted a dangerous condition which was either created by Defendants, known to Defendants, or should have been known to Defendants," and Defendants breached their duty to provide reasonably safe facilities by "failing to clear the floor [of] dangerous conditions and obstructive items." FAC at ¶¶ 21-27.

---

[2] The Complaint was filed on September 17, 2014.

2

Plaintiffs' gross negligence cause of action repeats the allegation that "[t]he merchandise on the floor constituted a dangerous condition which was either created by Defendants, known to Defendants, or should have been known to Defendants." FAC at ¶ 34. Plaintiffs further allege that Defendants "breached their duty to provide reasonably safe facilities by wantonly, willfully, and recklessly failing to provide a space free of dangerous conditions and free of obstructive objects on the floor" and that "Defendants' wanton, willful and reckless disregard for the safety of its guests, an[d] in particular, its failure to clear the floor of obstructive items, caused Ms. Molina's fall while shopping at JCP and has caused extensive and continuing injuries." FAC at ¶ 28-37. Plaintiffs allege that "Defendants' conduct constitutes a want of even scant care and an extreme departure from ordinary standard of conduct. Such outrageous lack of care represents an extreme departure from the ordinary standard of care." FAC at ¶ 31. Plaintiffs' request for punitive damages appears to be tied only to Plaintiffs' claim for gross negligence. FAC at ¶ 37 ("Because Defendants' gross negligence was wanton, willful and in reckless disregard for the safety of its guests, punitive damages should be awarded against it in an amount to be determined at trial.").

## II. LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). A court may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Federal Rule of Civil Procedure 15(a) establishes that leave to amend "shall be freely given when justice so requires." However, "[w]hen a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

### III. DISCUSSION

JCP moves to dismiss Plaintiffs' gross negligence cause of action, as well as Plaintiffs' request for punitive damages and attorneys' fees.

**A. Gross Negligence**

Generally, "[g]ross negligence is pleaded by alleging the traditional elements of negligence: duty, breach, causation, and damages. However, to set forth a claim for 'gross negligence' the plaintiff must allege extreme conduct on the part of the defendant." *Frittelli, Inc. v. 350 N. Canon Drive*, LP, 202 Cal. App. 4th 35, 52 (2011) (quoting *Rosencrans v. Dover Images, Ltd.*, 192 Cal.App.4th 1072, 1082 (2011)). To constitute gross negligence, misconduct must demonstrate either a "want of even scant care" or "an extreme departure from the ordinary standard of conduct." *City of Santa Barbara v. Superior Court*, 41 Cal. 4th 747, 754 (2007). "Although gross negligence usually presents a question of fact . . . , in some circumstances its existence can be resolved as a question of law (*Jones v. Wells Fargo Bank* (2003) 112 Cal. App. 4th 1527, 1541, 5 Cal. Rptr. 3d 835 (creating promissory note and forbearance agreement in manner that led to loss of appreciation in property value was not gross negligence))." *Fritelli*, 202 Cal. App. 4th at 52.

JCP contends that Plaintiffs' allegations, some of which are made on information and belief, are insufficient to establish either a "want of even scant care" or "an extreme departure from the ordinary standard of conduct." According to JCP, "[t]he presence of merchandise in the aisle of a department store is not an outrageous situation and would likely fall within a common experience of most people." Motion at 3.

Even assuming that Plaintiffs' allegations made upon information and belief are proper, Plaintiffs fail to state a claim for gross negligence. The thrust of Plaintiffs's allegations is that JCP's employees knew that there was merchandise on the floor, but left it there for hours before Molina tripped on it. Plaintiffs' allegations that this behavior constitutes "a want of even scant care and an

4

extreme departure from ordinary standard of conduct" and "outrageous lack of care" are conclusory. Neither party describes a single case with circumstances analogous to those here involving the application of the gross negligence standard. The court conducted its own research and did not locate any cases applying California law in which a store was found to be grossly negligent under similar circumstances (i.e., where employees of a store knew of a dangerous condition that could cause a patron fall but left it there for hours). Instead, Plaintiffs allegations seem to be similar to garden variety slip-and-fall cases that are brought as ordinary negligence claims, not gross negligence claims. *See, e.g.*, *Moore v. Wal-Mart Stores, Inc.*, 111 Cal. App. 4th 472 (2003) (patron sued retail store for negligence after she slipped and fell on french fry on floor of store that had been swept between 30 and 45 minutes before she fell); *Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 36 P.3d 11 (2001) (evidence that supermarket operator had not inspected aisle where patron slipped on puddle of milk for at least 15 to 30 minutes, and that milk could have been on floor for as long as two hours, permitted reasonable inference in patron's ordinary negligence action that the dangerous condition existed long enough for it to be discovered by the owner).

Plaintiffs' gross negligence claim thus fails as a matter of law and is **dismissed**. However, the court notes that Plaintiffs may move for leave to amend the complaint to reallege their gross negligence claim if later-discovered facts can cure the deficiencies noted above.

**B. Punitive Damages**

A plaintiff may recover punitive damages for his tort claims pursuant to California Civil Code § 3294, which authorizes an award for exemplary damages against a tortfeasor when there is "clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice . . . ." Cal. Civ. Code § 3294(a). Fraud is not at issue in this lawsuit. "Malice" is defined as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Cal. Civ. Code § 3294(c)(1). "'Oppression' means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Cal. Civ. Code § 3294(c)(2).

Malice "sufficient to support an award of punitive damages . . . may be established by a showing that the defendant's wrongful conduct was willful, intentional, and done in reckless disregard of its possible results." *D. Searle & Co. v. Superior Court*, 49 Cal. App. 3d 22, 28 (1975). Generally, mere or even gross negligence will not support an award of punitive damages. *Simmons v. Southern Pac. Transportation Co.,* 62 Cal. App. 3d 341, 368 (1972); *see also Taylor v. Superior Court*, 24 Cal.3d 890, 899-900 (1979) ("ordinarily, routine negligent or even reckless disobedience of traffic laws would not justify an award of punitive damages."); *Nolin v. Nat'l Convenience Stores, Inc.*, 95 Cal. App. 3d 279, 286 (1979) (punitive damages for unintentional tort authorized "where defendant's conduct which causes injury is of such severity or shocking character that it warrants the same treatment as that accorded to willful misconduct[—]conduct in which the defendant intends to cause harm").

For the reasons stated above, Plaintiffs have failed to allege gross negligence. The standard for punitive damages requires behavior more offensive than the standard for gross negligence. Plaintiffs' allegations that JCP knew of a dangerous condition in its store hours before Molina tripped and failed to remedy the condition does not amount to conduct so shocking or severe as to warrant the same treatment as that accorded willful misconduct. Thus, Plaintiffs allegations, even if taken as true, do not demonstrate that JCP acted with the requisite intent sufficient to support a prayer for punitive damages. The prayer for punitive damages is **dismissed.** However, Plaintiffs may move for leave to amend the complaint to reallege their prayer for punitive damages if later-discovered facts can cure the deficiencies noted above.

**C. Request for Attorneys' Fees**

"Under the American rule, as a general proposition each party must pay his own attorney fees. This concept is embodied in section 1021 of the Code of Civil Procedure, which provides that each party is to bear his own attorney fees unless a statute or the agreement of the parties provides otherwise." *Gray v. Don Miller & Associates, Inc.*, 35 Cal. 3d 498, 504 (1984). *See also* Code Civ. Proc. § 1021 ("Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . . .").

JCP challenges Plaintiffs' request for attorneys' fees, arguing that Plaintiffs allege no statutory basis or agreement permitting the award of attorneys' fees. Plaintiffs did not respond to this argument in their opposition. Accordingly, Plaintiffs have failed to allege sufficient facts to support a request for attorneys' fees, and its request is **dismissed.**

### IV. CONCLUSION

For the foregoing reasons, JCP's motion to dismiss is **granted.**

IT IS SO ORDERED.

Dated: January 14, 2015

DONNA M. RYU
United States Magistrate Judge

7